# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

ANR PIPELINE COMPANY, LLC            )
                                     )
            Plaintiff,               )      Civil Action No. _____
                                     )
v.                                   )
                                     )
CITY OF NEW BERLIN;                  )
WAUKESHA COUNTY;                     )
A PERMANENT EASEMENT TO OPERATE      )
AND MAINTAIN A NATURAL GAS           )
TRANSMISSION LINE ACROSS 6,500       )
SQUARE FEET OF PROPERTY IN           )
WAUKESHA COUNTY WISCONSIN,           )
KNOWN AS A PORTION OF SOUTH          )
MOORLAND ROAD, THE UNKNOWN           )
HEIRS AND DEVISEES OF NELLIE         )
SCHAEFER, JOSEPH RAUSCH, JR., EDWIN  )
N. RAUSCH, NELLIE RAUSCH, AND        )
HELEN A. RAUSCH, and UNKNOWN         )
PERSONS AND INTERESTED PARTIES       )

            Defendants.

---

## COMPLAINT

---

Plaintiff ANR Pipeline Company, LLC, and for its Complaint against the City of New Berlin, Waukesha County, and the Unknown Heirs and Devisees of Nellie Schaefer, Joseph Rausch, Jr., Edwin N. Rausch, Nellie Rausch, and Helen A. Rausch, states and alleges as follows:

### INTRODUCTION

1.      Plaintiff ANR Pipeline Company, LLC ("ANR") and its predecessor have owned and operated an interstate, natural gas pipeline on property that is now crossed by South Moorland Road in the City of New Berlin, Waukesha County, since 1958 without its right to do so ever having been put in question by either the landowners, the City of New Berlin (the "City") or

Waukesha County (the "County"), until the Waukesha County Department of Public Works determined to modify South Moorland Road and ordered ANR to lower its pipeline in the existing location without reimbursement.[1]

2.     A dispute has arisen because the 1957 condemnation orders by which ANR's predecessor was granted the property rights for its easement (the "1957 Condemnations") were destroyed by the Waukesha County Circuit Court and only unsigned copies of the orders can currently be located.  Thus, despite significant evidence to the contrary, and the fact that the County is not seeking to force ANR to remove its pipeline, the County claims that ANR does not hold an easement or other property right such that it can be reimbursed.

3.     ANR files this Complaint against the City, the County, and the Unknown Heirs and Devisees of Nellie Schaefer, Joseph Rausch, Jr., Edwin N. Rausch, Nellie Rausch and Helen A. Rausch (the "Unknown Heirs") to clarify and confirm ANR's decades-old rights in order to confirm its entitlement to reimbursement.

4.     In order to affirm the existence of its rights since the 1950s, ANR asserts a claim for declaratory judgment against the City and the County to establish its rights pursuant to an existing pipeline easement obtained through the 1957 Condemnations or other right, including prescriptive rights by an adverse user or inverse condemnation.

5.     In the alternative, if this Court determines that the 1957 Condemnations did not confer ANR easement rights, ANR files pursuant to its power of eminent domain as authorized by the Natural Gas Act, 15 U.S.C. §§ 717-717z and Federal Rule of Civil Procedure 71.1, to condemn the easements, with a date of taking of 1958, the date on which construction of the pipeline began

---

[1] ANR has appealed this Order. *See ANR Pipeline Company, LLC, v. Waukesha County Executive Committee, et al.*, Case No. 2026CV000488 (Waukesha County Circuit Court).

across the subject property and has since been continuously operated and maintained. ANR seeks (i) the taking of certain interests in real property; and (ii) the ascertainment and award of just compensation and damages, if any, due to the Unknown Heirs, or to whichever interested party the court deems appropriate.

## PARTIES

6. Plaintiff ANR Pipeline Company, LLC f/k/a Michigan Wisconsin Pipe Line Company is a Delaware limited liability company with a principal place of business at 700 Louisiana Street, Suite 1300, Houston, TX 77002. ANR is wholly owned by TC Energy Corporation, a federal corporation organized under the Canada Business Corporations Act, with its principal place of business located in Calgary, Alberta, Canada.

7. ANR is an interstate natural-gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and is therefore qualified to construct, own, operate and maintain pipelines for the transmission of natural gas and its by-products.

8. Defendant City of New Berlin is a governmental unit with an address of 3805 S. Caspier Dr., New Berlin, WI 53188.

9. Defendant Waukesha County is a governmental unit with an address of 515 W. Moreland Blvd., Waukesha, WI 53188.

10. The Unknown Heirs are the unknown and unidentified heirs of the owners of the property at the time the pipeline was constructed.

## VENUE AND JURISDICTION

11. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between ANR and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

- 3 -

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the properties at issue are located in Waukesha County and the conduct giving rise to the causes of action alleged occurred in Waukesha County, which is within the Eastern District of Wisconsin.

13.     Alternatively, this Court has subject matter jurisdiction over this action pursuant to the condemnation authority in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h) and federal question jurisdiction, 28 U.S.C. § 1331.

14.     Upon information and belief, the interest owners will contend that the value of the property interests condemned exceeds $3,000.

15.     Venue for ANR's condemnation is proper pursuant to 28 U.S.C. § 1391(b) because the property condemned is located within the Eastern District of Wisconsin.

## BACKGROUND

### A. The Easement and 1957 Condemnation Actions

16.     By petition dated June 5, 1957, ANR commenced a condemnation action in the Waukesha County Circuit Court seeking to condemn "a right-of-way fifty (50) feet in width on, over, under and through [certain real property] to construct, operate, maintain, inspect, alter, replace, move and remove a 12 ¾ O.D. inch pipeline and appurtenances for the transportation of natural gas" on real property owned by Nellie Schaefer (the "Schaefer Condemnation"), described in Schedule A to the petition as:

> A piece of land described as follows: Commencing on the Section line 10 chains and 5 links South of the Northeast corner of Section 34, and running thence South on the Section line, 1 chain and 97 links to a stake; thence West and parallel to the Section line, 13 chains and 30 links to a stake; thence North 26 degrees West 2 chains and 15 links to a stake; thence East and parallel to the Section line 14 chains and 24 links to the place of beginning, and containing 2.71 acres, more or less, and excepting from the lands above described that piece thereof containing 1.71 acres, more or less, as described in Vol. 51 of Deeds on page 231, Waukesha County records (the "Schaefer Property").

- 4 -

*See* **Exhibit 1**, Schaefer Petition for Condemnation at p. 1-2, ¶ 4 and p. 4-5 Schedule A, Plat of Survey; *see also* **Exhibit 2**, Lis Pendens at 1-2.

17.     Additionally, by petition dated June 5, 1957, ANR commenced a condemnation action in the Waukesha County Circuit Court seeking to condemn "a right-of-way fifty (50) feet in width on, over, under and through [certain real property] to construct, operate, maintain, inspect, alter, replace, move and remove a 12 ¾ O.D. inch pipeline and appurtenances for the transportation of natural gas" on real property owned by Joseph Rausch, Jr., et al. (the "Rausch Condemnation," together with the Schaefer condemnation, the "1957 Condemnation Actions"), described in Schedule A to the petition as:

> The West ½ of the Northwest ¼ of Section 35, in Township 6 North of Range 20 East, in the Town of New Berlin, Waukesha County, Wisconsin.  Excepting therefrom 1.772 acres conveyed to Edwin N. Rausch and Helen A. Rausch, his wife, by Q. C. Deed dated Aug. 8, 1946, and recorded Oct. 17, 1947 in Vol. 452 Deeds page 232 as Doc No. 306743 (the "Rausch Property").

*See* **Exhibit 3**, Rausch Petition for Condemnation at p. 1-2, ¶ 4 and p. 4-6 Schedule A, Plat of Survey; *see also* **Ex. 2**, Lis Pendens at 3-4.

18.     After the court granted the condemnations, ANR paid initial awards to the landowners as determined by the court-appointed commissioners, and subsequently paid additional awards after the landowners appealed. **Exhibit 4**, Excerpts of 1960 Mortgage Document, at Vol. 669 Page 112 (Nellie Schaefer and Joseph Rausch, Jr., *et al*., entries); **Exhibit 5**, Checks; **Exhibit 6**, Orders Appointing Commissioners.

19.     ANR's easement across the Schaefer Property is described as:

> A right-of-way 50 feet in width, the center line of said right-of-way being described as follows: Beginning on the West property line, 239 feet South of the Northwest corner of said property; thence South 86º 13' East, 682 feet to a point on the center line of County Trunk Highway "HI"; thence continuing South 86º 13' East, 649 feet to a point on the East property line, 358 feet South of the Northeast corner of said property.

**Ex. 1** at 4; **Ex. 2** at 2.

20.     ANR's easement across the Rausch Property is described as:

A right-of-way 50 feet in width, the center line of said right-of-way being described as follows: Beginning on the West property line, 358 feet South of the Northwest corner of said property; thence South 86º 13' East, 375 feet to a point on a common property line, 389 feet South of the North line of Section 35, Township 6 North, Range 20 East, said common property line being the Westerly property line of a tract of land conveyed by Edwin N. Rausch and Helen A. Rausch, by Quit Claim Deed dated August 8, 1946, and recorded October 17, 1947 in Volume 452 Deeds, page 232, Document No. 306743.

ALSO a right-of-way 50 feet in width, the center line of said right-of-way being described as follows: Beginning at the point on the common property line 388 feet South of the North line of said Section 35, said common property line being the Easterly property line of the above tract of land conveyed to Edwin N. Rausch and Helen A. Rausch; thence North 89º 04' East, 266 feet; thence North 77º 42' East, 153 feet; thence South 86º 38' East, 346 feet to a point in the East property line 350 feet South of the Northeast corner of said property.

**Ex. 3** at 4; **Ex. 2** at 4. (The easements described in Paragraphs 19-20 of this Complaint are collectively referred to herein as "the Easement.")

21.     ANR complied with the provisions of the eminent domain statute in effect at the time of the 1957 Condemnation Actions. *See* **Exhibit 7**, Wis. Stat. §§ 32.01, *et seq.* (1957) (the "1957 Eminent Domain Statute").

22.     Among other things, the 1957 Eminent Domain Statute required documents to be filed with the office of the clerk of the circuit court. *Id.* at § 32.04 ("The petition and all subsequent papers in the proceeding shall be filed in the office of the clerk of the circuit court.").

23.     Because the 1957 Eminent Domain Statute did not require any documents to be filed or recorded with the office of the register of deeds, the petitions and subsequent papers in the 1957 Condemnation Actions were not recorded with the Waukesha County Register of Deeds. *See generally id.*

- 6 -

24. Upon information and belief, due to the circuit courts' record retention policy, the court record of the 1957 Condemnation Actions, including, but not limited to, any documents or notations required to be recorded in the court record by the clerk of the court, have been destroyed. *See* SCR 72.01 (after 20 years, the circuit courts are permitted to purge their civil case files and court records).

25. However, other documents of public record, including certified survey maps, lis pendens, and mortgage documents, continue to identify the location and width of the Easement. *See* **Exhibit 8**, Certified Survey Map No. 8289; **Exhibit 9**, Certified Survey Map No. 5251; **Exhibit 10**, Certified Survey Map No. 10056; **Ex. 2**; **Ex. 4**.

**B. ANR's Pipeline and the Construction of South Moorland Road**

26. ANR began construction of its pipeline in the Easement in 1958, as permitted by the court's orders in the 1957 Condemnation Actions and the 1957 Eminent Domain Statute.

27. As the holder of a Federal Energy Regulatory Commission Certificate of Public Convenience and Necessity for the construction, operation, and maintenance of a natural gas pipeline, ANR has and maintains the authority to condemn under 15 U.S.C. § 717f(h). *See* **Exhibit 11**, FERC Certificate.

28. The pipeline and Easement cross present-day South Moorland Road in the City of New Berlin; however, at the time of condemnation and construction, South Moorland Road did not exist in the location where it is presently crossed by the pipeline and Easement:



APPROXIMATE LOCATION OF ANR
50-FOOT EASEMENT

29. Since the pipeline's construction, ANR has continuously operated the pipeline and used the location in which it sits for more than 65 years.

30. In July 1987, a portion of the Schaefer Property was dedicated to the City for public road purposes ("Schaefer Dedication"). *See* **Ex. 9**.

31. In July 2005, a portion of the Rausch Property was dedicated for public road purposes, making up the eastern portion of South Moorland Road ("Rausch Dedication"). *See* **Ex. 10**.

32. The certified survey maps surveying, dividing, and dedicating this land for public road purposes **expressly acknowledge** the Easement. *Id.* at 2.

33. The portion of South Moorland Road extending south between West Grange Avenue and College Avenue was constructed across the Easement:

- 8 -



34. The City became the owner of the portion of South Moorland Road extending south between West Grange Avenue and College Avenue via the Schaefer and Rausch Dedications. *See* **Ex. 9 and 10**; Wis. Stat. § 236.29.

35. Upon information and belief, the County claims an ownership interest in the portion of South Moorland Road extending south between West Grange Avenue and College Avenue subject to the Schaefer and Rausch Dedications.

36. In particular, the County has produced to ANR an unrecorded Jurisdictional Transfer Agreement for Moorland Road, dated November 26, 1997 (the "1997 Jurisdictional Transfer Agreement"), which provides, in part, that the jurisdiction transfer "shall include title to the road right of way as held by the City at the time of transfer by Quit Claim Deed." *See* **Exhibit 12**, Jurisdictional Transfer Agreement, ¶ 1.

37. Upon information and belief, the County contends that the 1997 Jurisdictional Transfer Agreement is the source of its title for the entirety of South Moorland Road as it exists today.

- 9 -

38. At the time the 1997 Jurisdictional Transfer Agreement was entered into, only the Schaefer Dedication had been executed and, therefore, the City did not hold at that time the property that would subsequently become subject to the Rausch Dedication.

39. Upon information and belief, there is no instrument recorded in the Waukesha County Register of Deeds Office transferring title from the City of New Berlin to the County in relation to either the Schaefer Dedication or the Rausch Dedication.

40. Upon information and belief, there is no Quit Claim Deed or other transfer of the property recorded in the Register of Deeds.

41. However, upon information and belief, because this portion of South Moorland Road has been incorporated into the County's trunk highway system as County Highway O, it is maintained by the County regardless of ownership. Wis. Stat. § 83.025.

## C. The Dispute Regarding ANR's Easement

42. In early 2024, the Waukesha County Department of Public Works ("DPW") approved a federally funded project to improve and add additional lanes to South Moorland Road between West Grange Avenue and College Avenue, and in order to complete the project, it was determined by DPW that ANR's pipeline must be relocated by lowering it in the same existing footprint to allow for grading work to be done without impacting the pipeline.

43. Per 23 C.F.R. § 645.107(a)(1), federal funds may be used for relocations necessitated by the actual construction of a highway project when the "utility has the right of occupancy in its existing location because it holds the fee, an easement, or other real property interest, the damaging or taking of which is compensable in eminent domain." 23 C.F.R. § 645.107(a)(1).

- 10 -

44. Despite the fact that the existence and location of ANR's pipeline and the Easement have been uncontested for 65 years, on September 19, 2025, DPW issued an order requiring ANR to relocate its pipeline at its own expense because DPW contends it has not been provided sufficient evidence of a permanent easement or other real property interest in the form of a signed condemnation order or recorded easement.

45. Based on the foregoing, ANR disputes this contention.

46. ANR has since submitted written requests for reconsideration and administrative review to DPW and the Waukesha County Executive Committee (the "Executive Committee"), has engaged in informal discussions, and has participated in a fact-finding hearing before the Executive Committee.

47. The Executive Committee denied ANR's request for administrative review and ANR has requested certiorari review pursuant to Waukesha County Ordinance No. 18-156. *See ANR Pipeline Company, LLC, v. Waukesha County Executive Committee, et al.*, Case No. 2026CV000488 (Waukesha County Circuit Court).

48. However, the County—including through the DPW and Executive Committee—continues to dispute the existence of recorded documentation of a permanent easement or other real property interest.

## COUNT I
### Declaratory Judgment
### Against City of New Berlin and Waukesha County

49. Paragraphs 1 through 48 are incorporated by reference.

50. An actual controversy exists between ANR, the County, and the City regarding the existence of the Easement.

- 11 -

51.     This Court is authorized, under 28 U.S.C. § 2201, *et seq.*, to declare the rights and obligations of the parties to this action.

52.     ANR holds a permanent easement interest in the Easement which it obtained through:

        a.     Court order in the 1957 Condemnation Actions;

        b.     Prescriptive rights of an adverse user; and/or

        c.     Inverse condemnation when the pipeline was constructed.

53.     Though signed copies of the condemnation orders cannot be located, there is ample evidence that the condemnations were filed, that just compensation was determined and paid, that the determinations were appealed and that those appeals were settled or decided and additional compensation paid. *See* **Exs. 1-6.**

54.     There is also additional evidence that the Easement exists based on certified plats. *See* **Ex. 8-10.**

55.     In the alternative, even if the condemnation orders were never entered, there is evidence that the rights were obtained through prescriptive rights by an adverse user as of 1978, given ANR's continuing and uninterrupted use of the Easement for the operation and maintenance of the pipeline since its construction in 1958. *See* Wis. Stat. § 893.28.

56.     Finally, to the extent that the existence of ANR's easement cannot be confirmed and is ultimately found by a Court to have been extinguished in some manner, the easement would nonetheless remain in place via inverse condemnation.

57.     ANR is entitled to a declaration of its rights in the Easement.

**COUNT II (IN THE ALTERNATIVE)**
**Condemnation**

***The Easements to be Taken***

58. Paragraphs 1 through 57 are incorporated by reference.

59. To the extent not already held, ANR is entitled to condemn the necessary property interests to operate and maintain its existing pipeline.

60. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and the FERC Certificate, ANR has the right to acquire the necessary property interests to operate and maintain the pipeline. *See* **Ex. 11**, FERC Certificate.

61. A blanket certificate is issued by FERC pursuant to section 7(c) of the Natural Gas Act. *See* 15 U.S.C. § 717f(h).

62. According to 18 C.F.R. § 157.201(a), a blanket certificate authorizes the holder to conduct certain activities, including construction, operating, and abandonment of pipelines and related facilities.

63. Companies in possession of a blanket certificate can condemn under the issued blanket certificate. *See, e.g.*, *Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300 (3d Cir. 2014) (holding that Columbia could condemn under a blanket certificate issued to Columbia in 1983).

64. ANR condemns the Schaefer Property and the Rausch Property, as defined in Paragraphs 16 and 17 above, in order to acquire a right-of-way fifty (50) feet in width on, over, under and through certain real property to construct, operate, maintain, inspect, alter, replace, move and remove a 12 ¾ O.D. inch pipe line and appurtenances for the transportation of natural gas depicted in detail on the drawing attached as **Exhibit 13** (the "Permanent Easement"). The drawing

shows the location of the Permanent Easement necessary to continue to operate and maintain the pipeline, and the extent of the Permanent Easement taken.

65. Specifically, ANR condemns the easement across the Schaefer Property described as:

A right-of-way 50 feet in width, the center line of said right-of-way being described as follows: Beginning on the West property line, 239 feet South of the Northwest corner of said property; thence South 86º 13' East, 682 feet to a point on the center line of County Trunk Highway "HI"; thence continuing South 86º 13' East, 649 feet to a point on the East property line, 358 feet South of the Northeast corner of said property.

66. As well as an easement across the Rausch Property described as:

A right-of-way 50 feet in width, the center line of said right-of-way being described as follows: Beginning on the West property line, 358 feet South of the Northwest corner of said property; thence South 86º 13' East, 375 feet to a point on a common property line, 389 feet South of the North line of Section 35, Township 6 North, Range 20 East, said common property line being the Westerly property line of a tract of land conveyed by Edwin N. Rausch and Helen A. Rausch, by Quit Claim Deed dated August 8, 1946, and recorded October 17, 1947 in Volume 452 Deeds, page 232, Document No. 306743.

ALSO a right-of-way 50 feet in width, the center line of said right-of-way being described as follows: Beginning at the point on the common property line 388 feet South of the North line of said Section 35, said common property line being the Easterly property line of the above tract of land conveyed to Edwin N. Rausch and Helen A. Rausch; thence North 89º 04' East, 266 feet; thence North 77º 42' East, 153 feet; thence South 86º 38' East, 346 feet to a point in the East property line 350 feet South of the Northeast corner of said property.

67. ANR has been unable to reach an agreement regarding the Permanent Easement because it is unclear who owns the portion of South Moorland Road that the Permanent Easement crosses and the proper party or parties for payment of just compensation, if any, given the date of taking in 1958 is more than sixty-five years ago and the landowners at that time received compensation from ANR's predecessor.

- 14 -

### *The Property Owner(s)*

68.     Upon information and belief, and after a reasonably diligent search of public records, the current owner of the portion of South Moorland Road which the Permanent Easement to be condemned crosses is the City, however at the time of the taking the owners were Nellie Schaefer, Joseph Rausch, Jr., Edwin N. Rausch, Nellie Rausch, and Helen A. Rausch.

### *Others Who May Claim an Interest*

69.     Upon information and belief, and after a reasonably diligent search of public records, the County may claim an ownership interest in the portion of South Moorland Road which the Permanent Easement to be condemned crosses despite having no document of record transferring title.

70.     Upon information and belief, and because the taking occurred in 1958 upon construction of the pipeline, the individuals to whom just compensation is owed for this condemnation would be the Unknown Heirs.

71.     There may be other persons who claim an interest in the property interests being condemned whose names are unknown to ANR because they could not be learned by diligent inquiry. These persons have been made parties to this action as permitted by Rule 71.1 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff ANR Pipeline Company, LLC respectfully requests that this Court:

    a.     Enter an order declaring that ANR holds a permanent easement or other real property interest in the Easement, whether through the 1957 Condemnation Actions, prescriptive rights, or inverse condemnation;

- 15 -

b. Alternatively, enter an order granting ANR the Permanent Easement described above and determine and award just compensation for the taking of the Permanent Easement, if any; and

c. Grant such other relief as this Court may deem just and proper.

Dated: June 2, 2026

Respectfully submitted,

*/s/ Joyce C. Williams*
Joyce C. Williams
Wis. State Bar No. 1089923
*Attorney for Plaintiff ANR Pipeline Company, LLC*
REED SMITH LLP
1900 Lawrence Street, Suite 2800
Denver, Colorado 80202
Tel: (303) 552-3800
Email: joyce.williams@reedsmith.com