IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANR PIPELINE COMPANY, LLC,
Plaintiff,
v. Case No: 26-cv-986

CITY OF NEW BERLIN, et al.,
Defendants.

**DEFENDANT WAUKESHA COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Waukesha County, by and through its counsel, Waukesha County Office of Corporation Counsel, hereby submits the following Answer and Affirmative Defenses to the Plaintiff's Complaint:

**INTRODUCTION**

1. Answering ¶ 1, admits Plaintiff has owned and operated a natural gas pipeline in the City of New Berlin, Waukesha County, crossed by South Moorland Road/County Trunk Highway O since 1958 and that Waukesha County Department of Public Works ordered the relocation of the natural gas pipeline for a road improvement project. Further answering said paragraph, lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted concerning the existence of any prior disputes and remaining allegations, and, therefore, denies those allegations.

2. Answering ¶ 2, admits that Plaintiff has failed to provide it with signed copies of any condemnation orders establishing ANR's claimed easements, denies that it claims ANR does not have an easement, affirmatively states that ANR has failed to provide it with proof conclusively demonstrating ANR properly completed the condemnation process or retains

easements or other property rights in the property in question, and lacks information sufficient to form a belief as to the remaining allegations and, therefore, denies those allegations.

3. Answering ¶ 3, lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

4. Answering ¶ 4, admits ANR asserts claims for declaratory judgment seeking to establish its rights, and lacks knowledge and information sufficient to form a belief as to ANR's entitlement to the declaration of the claimed rights and the remaining allegations and, therefore, denies the same.

5. Answering ¶ 5, admits ANR alternatively seeks easements through a claimed power of eminent domain, and lacks knowledge or information sufficient to form a belief as to ANR's entitlement to such relief and the remaining allegations and, therefore, denies the same.

## PARTIES

6. Answering ¶ 6, upon information and belief, admits.

7. Answering ¶ 7, upon information and belief, admits.

8. Answering ¶ 8, admits.

9. Answering ¶ 9, admits.

10. Answering ¶ 10, admits.

## VENUE AND JURISDICTION

11. Answering ¶ 11, admits.

12. Answering ¶ 12, admits.

13. Answering ¶ 13, admits.

14. Answering ¶ 14, admits.

15. Answering ¶ 15, admits.

## BACKGROUND

### A. The Easement and 1957 Condemnation Actions

16. Answering ¶ 16, states that Exhibits 1 and 2 speak for themselves and deny any allegations inconsistent therewith.

17. Answering ¶ 17, states that Exhibits 2 and 3 speak for themselves and deny any allegations inconsistent therewith.

18. Answering ¶ 18, lacks knowledge or information sufficient to form a belief as to whether condemnations were granted and the truth of the remaining allegations and, therefore, denies the same.

19. Answering ¶ 19, lacks knowledge or information sufficient to form a belief as to whether the alleged easement exists and, therefore, denies the allegations.

20. Answering ¶ 20, lacks knowledge or information sufficient to form a belief as to whether the alleged easement exists and, therefore, denies the allegations.

21. Answering ¶ 21, lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

22. Answering ¶ 22, admits.

23. Answering ¶ 23, admits any petitions or subsequent papers in any condemnation actions by Plaintiff were not recorded with the Waukesha County Register of Deeds, and lacks knowledge or information sufficient to form a belief as to the remaining allegations and, therefore, denies the same.

24. Answering ¶ 24, admits the Waukesha County Clerk of Circuit Court could not locate any records of the referenced 1957 Condemnation Actions, and lacks knowledge or information sufficient to form a belief as to the remaining allegations and, therefore, denies the

same. Affirmatively states the Wis. Stat. § 32.14 (1957) established what constituted prima facie evidence of a completed condemnation in all courts and places at the time and ANR has not produced such proof from which Waukesha County could definitively conclude the process was fully initiated and completed.

25. Answering ¶ 25, states that Exhibits 2, 4, 8, 9, and 10 all speak for themselves and denies any allegations inconsistent therewith.

**B. ANR's Pipeline and the Construction of South Moorland Road**

26. Answering ¶ 26, admits ANR constructed a pipeline, lacks knowledge or information sufficient to form a belief as to whether orders were issued and the remaining allegations and, therefore, denies the same.

27. Answering ¶ 27, states Exhibit 11 speaks for itself and denies any allegations inconsistent therewith, and the remaining allegations are legal conclusions to which no answer is required.

28. Answering ¶ 28, admits Plaintiff's pipeline crosses present-day South Moorland Road/County Trunk Highway O in the City of New Berlin and that said road did not exist in this location at the time Plaintiff's pipeline was constructed. Further answering said paragraph, lacks knowledge or information sufficient to form a belief as to the existence of an easement and condemnation and, therefore, denies the same.

29. Answering ¶ 29, upon information and belief, admits.

30. Answering ¶ 30, admits.

31. Answering ¶ 31, admits Exhibit 10 shows the existence of a dedication for public road purposes, but lacks knowledge or information sufficient to form a belief as to when said dedication was made and the remaining allegations and, therefore, denies the same.

32. Answering ¶ 32, admits the exhibit references the existence of an easement but denies the document referenced in the exhibit is a recorded easement.

33. Answering ¶ 33, admits South Moorland Road/County Trunk Highway O was constructed across Plaintiff's pipeline. Further answering said paragraph, lacks knowledge or information sufficient to form a belief as to the existence of an easement and, therefore, denies the same.

34. Answering ¶ 34, admits the City became the owner of the land identified in the dedications and lacks knowledge or information sufficient to form a belief as to when that occurred and, therefore, denies the remaining allegations.

35. Answering ¶ 35, admits Waukesha County maintains jurisdiction over South Moorland Road/County Trunk Highway O through the Jurisdictional Transfer Agreement for Moorland Road dated November 26, 1997 (the "1997 Jurisdicitional Transfer Agreement") and Quit Claim Deed, recorded with the Waukesha County Register of Deeds on or about May 15, 2026.

36. Answering ¶ 36, admits.

37. Answering ¶ 37, admits Waukesha County maintains jurisdiction over South Moorland Road/County Trunk Highway O through the 1997 Jurisdicitional Transfer Agreement, and affirmatively states it owns the road right of way as evidenced by a Quit Claim Deed recorded with the Waukesha County Register of Deeds on or about May 15, 2026.

38. Answering ¶ 38, lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and, therefore, denies the same.

39. Answering ¶ 39, denies.

40. Answering ¶ 40, denies

41. Answering ¶ 41, admits.

**C. The Dispute Regarding ANR's Easement**

42. Answering ¶ 42, admits the Waukesha County Department of Public Works ("DPW") identified a road improvement project, including additional lanes, for South Moorland Road/County Trunk Highway O in the 2021 – 2026 Waukesha County Capital Projects Plan, that DPW will receive federal funding for portions of the project, and that DPW determined Plaintiff's pipeline must be relocated by lowering it in the same footprint to allow grading work to be done without impacting the pipeline, and denies the remaining allegations.

43. Answering ¶ 43, admits.

44. Answering ¶ 44, admits, except that it lacks knowledge or information sufficient to form a belief as to the existence of an easement and, therefore, denies the same, and affirmatively states its entire reasoning for Waukesha County's conclusion that ANR has not provided sufficient evidence is set forth in the February 12, 2026, decision of the Waukesha County Board Executive Committee.

45. Answering ¶ 45, admits.

46. Answering ¶ 46, admits.

47. Answering ¶ 47, denies the request for administrative review was denied, admits Plaintiff's administrative appeal to the Waukesha County Executive Committee was denied, DPW's requirement for relocation of Plaintiff's pipeline at Plaintiff's expense was affirmed by the Waukesha County Executive Committee, and that Plaintiff has requested certiorari review.

48. Answering ¶ 48, admits Waukesha County has not received evidence of Plaintiff's claimed easement from which it, rather than a court of law, could declare an easement exists, including a recorded easement or proof as required by Wis. Stat. § 32.14 (1957).

**COUNT 1**
**Declaratory Judgment**
**Against City of New Berlin and Waukesha County**

49. Answering ¶ 49, Waukesha County realleges and incorporates by reference its responses to ¶¶ 1 through 48.

50. Answering ¶ 50, admits.

51. Answering ¶ 51, admits.

52. Answering ¶ 52, lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

53. Answering ¶ 53, admits signed copies of any condemnation orders have not been produced by Plaintiff and the remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Waukesha County lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

54. Answering ¶ 54, lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

55. Answering ¶ 55, the allegations are legal conclusions to which no response is required. To the extent a response is required, Waukesha County lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

56. Answering ¶ 56, the allegations are legal conclusions to which no response is required. To the extent a response is required, Waukesha County lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

57. Answering ¶ 57, admits dispute is ripe for declaration of interest, but lacks knowledge or information sufficient to form a belief if ANR is entitled to its requested declaration and, therefore, denies those allegations.

## <u>COUNT II (IN THE ALTERNATIVE)</u>
**Condemnation**

***The Easements to be Taken***

58. Answering ¶ 58, Waukesha County realleges and incorporates by reference its responses to ¶¶ 1 through 57.

59. Answering ¶ 59, said paragraph only contains legal conclusions to which no response is required. To the extent an answer is necessary, denies.

60. Answering ¶ 60, states Exhibit 11 speaks for itself and denies any allegations inconsistent therewith. The remaining allegations are legal conclusions to which no response is required. To the extent a response is necessary, Waukesha County lacks knowledge or information sufficient to form a belief as to those allegations and, therefore, denies the allegations.

61. Answering ¶ 61, upon information and belief, admits.

62. Answering ¶ 62, upon information and belief, admits.

63. Answering ¶ 63, said paragraph is a legal conclusion to which no response is required. To the extent an answer is necessary, Waukesha County lacks knowledge or information sufficient to form a belief as to the allegations and, therefore, denies the allegations.

64. Answering ¶ 64, admits Plaintiff seeks to condemn, but lacks knowledge or information sufficient to form a belief as to its entitlement to such relief and, therefore, denies the allegations.

65. Answering ¶ 65, admits Plaintiff seeks to condemn, but lacks knowledge or information sufficient to form a belief as to its entitlement to such relief and, therefore, denies the allegations.

66. Answering ¶ 66, admits Plaintiff seeks to condemn, but lacks knowledge or information sufficient to form a belief as to its entitlement to such relief and, therefore, denies the allegations.

67. Answering ¶ 67, admits an agreement has not been reached, denies it is unclear who owns South Moorland Road/County Trunk Highway O, and lacks knowledge or information sufficient to form a belief as to the remaining allegations and, therefore, denies the same.

***The Property Owner(s)***

68. Answering ¶ 68, denies City of New Berlin owns South Moorland Road/County Trunk Highway O and lacks knowledge or information sufficient to form a belief as to the remaining allegations and, therefore, denies the same.

***Others Who May Claim an Interest***

69. Answering ¶ 69, admits Waukesha County claims an ownership interest in South Moorland Road/County Trunk Highway O and denies there is no document transferring title.

70. Answering ¶ 70, lacks knowledge or information sufficient to form a belief as to the allegations and, therefore, denies the same.

71. Answering ¶ 71, admits.

## AFFIRMATIVE DEFENSES

Waukesha County asserts the following affirmative defenses to Plaintiff's Complaint:

a. Some or all of the Plaintiff's claims fail to state a claim upon which relief can be granted.

b. One or more necessary parties have not been made parties to this action.

c. Some or all of Plaintiff's claims may, in whole or in part, be barred by the doctrines of laches, waiver, and/or estoppel.

WHEREFORE, Waukesha County respectfully requests judgment as follows:

a. Dismissing the complaint and all claims therein;

b. Alternatively, declaring ANR's property interests in the property in question, if any;

c. Awarding it costs and disbursements of this action; and

d. Granting for such other relief as this court deems just and equitable.

Dated this 15th day of July, 2026.

*/s/ Erik G. Weidig*
Erik G. Weidig
Wis. State Bar No.: 1038021
Zachary M. Bosch
Wis. State Bar No.: 1097994
Attorneys for Defendant Waukesha County
Waukesha County Office of Corporation Counsel
515 W. Moreland Blvd, AC330
Waukesha, WI 53188
262-548-7432
eweidig@waukeshacounty.gov